No. 84-477

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

ANELLA AEMISEGGER,

Plaintiff and Appellant,

-vs-

WAYNE HERMAN,

Defendant and Respondent.

_____

APPEAL FROM:    District Court of the Eleventh Judicial District,
                In and for the County of Flathead,
                The Honorable J. M. Salansky, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Hash, Jellison, O'Brien & Bartlett; James C.
        Bartlett, Kalispell, Montana

    For Respondent:

        Williams Law Firm; Richard Ranney, Missoula,
        Montana

                          _____

                          Submitted on Briefs:  Jan. 31, 1985

                          ,    Decided:  April 2, 1985

Filed:  APR 2  1985

_Ethel M. Harrison_

_____
              Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

The appellant, Anella Aemisegger, appeals from a jury trial that resulted in a verdict that the respondent, Wayne Herman, was not negligent when the vehicle he was operating ran into the rear end of her vehicle. Prior to the verdict the appellant moved for a directed verdict. The motion was denied. After the verdict the appellant moved for a judgment notwithstanding the verdict or a new trial. The motion was denied.

We reverse and remand with instructions to grant appellant a new trial on the issue of damages.

The appellant had stopped her vehicle at a city intersection controlled by a traffic light. The road condition was partially snowpacked and icy. The respondent was approaching the intersection in the same lane and direction of travel as the appellant. The respondent braked and slowed his vehicle but failed to reach a complete stop before colliding with the appellant. The appellant filed a complaint against the respondent for negligence in having caused the accident and the resulting personal injuries.

The sole issue on appeal is whether the respondent was negligent as a matter of law. The appellant alleges that the respondent violated the basic rule set forth in §§ 61-8-303(1) and (5), MCA:

> "Speed restrictions--basic rule. (1) A person operating or driving a vehicle of any character on a public highway of this state shall drive it in a careful and prudent manner, and at a rate of speed no greater than is reasonable and proper under the conditions existing at the point of operation, taking into account the amount and character of traffic, condition of brakes, weight of vehicle, grade and width of highway, condition of surface, and freedom of obstruction to view ahead, and he

2

shall drive it so as not to unduly or unreasonably endanger the life, limb, property, or other rights of a person entitled to the use of the street or highway.

". . .

"(5) The driver of a vehicle shall, consistent with subsection (1), drive at an appropriate reduced speed when approaching and crossing an intersection or railway grade crossing, when approaching and going around a curve, when approaching a hill crest, when traveling upon a narrow or winding roadway, and when a special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway condition."

This basic rule statute requires a driver to drive in a careful and prudent manner and at a rate of speed reasonable and proper, taking into account traffic conditions and road conditions. The appellant alleges that the respondent violated this statute because the respondent did not have his vehicle under control, did not keep a proper lookout, exceeded a reasonable and prudent rate of speed, did not give a warning of the impending collision by sounding his horn, and did not seek to avoid the accident by turning to the left unoccupied lane or to the right unoccupied curb area.

The evidence shows that the respondent was aware of the road conditions. He was traveling at a reduced speed. He was aware of the appellant's vehicle and that it was stopped for a red light. His exercise of care, however, was not sufficient to avoid the collision and under the facts and circumstances of this case he was negligent as a matter of law.

Respondent cites Reed v. Little (Mont. 1984), 680 P.2d 937, 41 St.Rep. 644, as being applicable to this case. The facts of that case are considerably different. There the car in front moved forward when the light turned green, stopped and was struck from behind. In this case the appellant was

3

properly stopped and did nothing and could do nothing that would avoid the accident.

Reversed and remanded with instructions to grant appellant a new trial on the issue of damages.

_____
                    Justice

We Concur:

_____

_____

_____

_____
          Justices

4