No. 88-85

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

JANIE ANDERSON WALLS,

        Plaintiff and Appellant,

  -vs-

MARY RUE,

        Defendant and Respondent.

---

APPEAL FROM:  District Court of the Ninth Judicial District,
In and for the County of Toole,
The Honorable R.D. McPhillips, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Stephen D. Roberts, Bozeman, Montana

    For Respondent:

        Warden, Christiansen, Johnson & Berg; Stephen C. Berg,
Kalispell, Montana

---

Submitted on Briefs:  June 2, 1988

Decided: August 11, 1988

Filed:  AUG 1 1 1988

*Ethel M. Harrison*

Clerk

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

This appeal from the Ninth Judicial District presents a single issue for review: Should a new trial be ordered on damages under Gehnert v. Cullinan where the jury in its special verdict found both that plaintiff's injuries were caused by defendant's negligence and that plaintiff would incur future medical expenses for treatment of those injuries, yet failed to award plaintiff anything for future pain and suffering and other elements of damage?

We decline to order a new trial and affirm.

Appellant Walls sued respondent Rue for injuries stemming from an automobile accident which occurred on November 14, 1985. The action went to trial before a jury on July 1, 1987. At the end of the defendant's case, the lower court directed a verdict for plaintiff Walls on the issue of liability. The jury was then instructed to determine damages by answering questions posed through a special verdict. The verdict form and the jury's answers appeared as follows:

We, the jury, answer the questions submitted to us in this Special Verdict as follows:

I. Was the Plaintiff injured?

___X___ Yes          _____ No

If your answer is "yes," go to the next question. If your answer is "no," then skip the remaining questions and simply sign the verdict.

II. Was the Defendant's negligence a cause of injury to the Plaintiff?

___X___ Yes          _____ No.

If your answer is "yes," go to the next question. If your answer is "no," then skip the remaining questions and simply sign the verdict.

2

III. What is the amount of money that will compensate the Plaintiff for her injury?

| | |
|---|---|
| Medical Expenses to Date: | $ 2000.00 |
| Future Medical Expenses: | $ 2800.00 |
| Pain and Suffering to Date: | $ 100.00 |
| Future Pain and Suffering: | $ -- |
| Lost Earnings to Date: | $ -- |
| Lost Earning Capacity: | $ -- |
| Loss of Enjoyment of Life to Date: | $ 100.00 |
| Future Loss of Enjoyment of Life: | $ -- |

DATED this __3rd__ day of July, 1987.

s/ __jury foreman__

After the verdict, the District Court denied Walls's motion for new trial for an inadequate award, and also denied Walls's motion for reconsideration.

Walls argues on appeal that the jury's failure to award more damages runs counter to the evidence. Walls speculates that the jury ignored the evidence showing her damages because some of the jurors, as revealed during voir dire, considered other jury awards excessive. Rue responds that the jury based its failure to award other damages on substantial credible evidence. We agree with Rue.

In Maykuth v. Eaton (Mont. 1984), 687 P.2d 726, 41 St.Rep. 1800, the District Court held insufficient as a matter of law a $700 award for pain and suffering. We reversed holding that:

> To permit the undoing of this verdict by affirming the trial court decision granting a new trial, would, in the language of Nelson v. Hartman (1982), Mont., 648 P.2d 1176, 1179, 39 St.Rep. 1409, 1412, "...create a bench supremacy and sap the vitality of jury verdicts." While the trial court, or this Court sitting as a jury, or another jury, may have awarded plaintiff more for pain and suffering in

3

the year following the accident, we cannot say as a matter of law that substantial evidence did not support the jury's award.

Maykuth, 687 P.2d at 727.

We have also emphasized that:

> Our function in reviewing the sufficiency of proof of actual damages is to determine whether there is substantial credible evidence in the record to support the jury's verdict. We must view the evidence in a light most favorable to Lauman, the prevailing party below, and where the record presents conflicting evidence, resolved by the jury, this Court is precluded from disturbing the verdict. This rule is particularly applicable when the District Court has passed on the sufficiency of the evidence on motion for new trial and has upheld its sufficiency.

Lauman v. Lee (Mont. 1981), 626 P.2d 830, 833, 41 St.Rep. 499, 502.

On the other hand, this Court has held that a jury's failure to award damages for pain and suffering constituted an inadequate award where:

> The evidence clearly indicates that the plaintiffs suffered serious and painful injury. The injury to Harold Gehnert's back is such that it may have been rebroken and there was evidence that he was permanently injured and disabled. Lina Brenner suffered a relapse into a severe depression and while her physical injuries may have been modest, they were accompanied by pain. Her testimony indicated hair had been pulled from her head. The jury found in this case that the Cullinans committed wrongful acts toward the plaintiffs, and their attack on the plaintiffs was the cause of the injuries sustained. Liability having been established, it was the jury's duty to award damages for pain and suffering for the serious injuries suffered.

4

Gehnert v. Cullinan (Mont. 1984), 685 P.2d 352, 354, 41 St.Rep. 372, 375.

Walls contends that in this case, as in Gehnert, the jury failed to award damages when evidence clearly showed injury due to the defendant's conduct. Rue responds that the jury's failure to award greater damages resulted from the defendant's attacks on the credibility and certainty of evidence presented by Walls. To resolve this issue, a review of the medical evidence is necessary.

The injury occurred to Walls's shoulder. X-rays taken shortly after the accident revealed no skeletal injuries, and the contusion to Walls's shoulder was described by the treating physician as not serious.

However, medical testimony from depositions read into the record indicated that Walls's shoulder did not heal properly. One physician's impression was that Walls suffered from "rotator cuff tendinitis and possibly mild adhesive capsulitis of the left shoulder along with chronic cervical strain." Another's impression was "strain of the left shoulder with soft tissue tenderness and probably perifibrosis". Both agreed that use of the shoulder in physical therapy could improve the condition. One physician explained:

> Perifibrosis basically is tightness of the tissues around the shoulder, and I think my impression was that her complaints and her findings were pretty much related to her shoulder girdle, including the area between her shoulder blades as [sic] the shoulder itself and that the perifibrosis is a stiffness or lack of resiliency of the muscles and ligaments because it's been injured and protected and allowed to heal without motion or even if trying to move it, enough soreness was there to keep it from moving well, and that it was the lack of resiliency of the tissues, or the fibrosis of the tissues, that was causing a lot of the problems at the present time.

A third physician provided no diagnosis for Walls stating that, "I don't have a diagnosis for her. I don't know why she has her symptoms." A fourth suspected "vasomotor reflex sympathetic dystrophy syndrome", and a fifth coined the condition as "chronic pain syndrome", answering queries from counsel as follows:

> Q. Are you comfortable with your opinion that this is a permanent condition?
>
> A. I don't think you can say any condition is permanent other than death, right. Hopefully her condition will improve and go away. But at this point in time, I think she has chronic pain syndrome. Hopefully it will be alleviated, but as to a time and a date and how long, I don't think anybody in the world can tell you that.

The physician testifying in the above quote also stated that his office notes indicated that Walls had a separate injury to her back after the accident. Another physician testified that the severity of the injury might have resulted from its interaction with a preexisting condition.

Walls and other witnesses testified that the injury caused loss of enjoyment and loss of past employment due to pain. Walls also presented evidence indicating that pain, loss of enjoyment, and loss of earning's capability would continue into the future.

The defense presented no medical testimony of its own, but attacked the plaintiff's case by attempting to discredit Walls herself, and by pointing to the uncertainty characterizing the source, nature, and degree of the injury. For example, the defense contended that evidence showed: Walls had not properly documented her employment history after the accident, Walls had not properly followed physical therapy recommendations, and Walls engaged in activities which

6

inferred that the injury was not restrictive. Rue also contended that the failure of one physician to diagnose a condition inferred the condition did not exist.

Rue's contentions find support from evidence in the record, and viewing the evidence in a light most favorable to Rue, we hold that the record supports the adequacy of the award. Thus, Walls contention that the jury ignored damages from a clear injury fails.

Walls also argues that the jury's failure to award anything for future pain and suffering, future loss of enjoyment of way of life, and future lost earning capacity, while at the same time awarding damages for future medical expenses, is illogical. This inconsistency, according to Walls, shows that the jury ignored the instructions on damages. We disagree.

Walls testified that:

Q. So am I correct then that from the time you stopped therapy in Shelby which would be about February of '86 until January of '87 when you had Dr. Powell's therapy through Mr. Havens, you didn't [sic] not have therapy?

A. No, I didn't.

The lower court instructed the jury that:

It is the duty of a person who has been injured to use reasonable diligence in caring for her injuries and reasonable means to prevent their aggravation and to accomplish healing. When one does not use reasonable diligence in caring for her injuries and they are aggravated as a result of such failure, the liability, if any, of another whose act or willing omission was a proximate cause of the original injuries, must be limited to the amount of damage that would have been suffered if the injured person herself had exercised the diligence required of her.

7

As set out in the medical testimony summarized above, at least one physician held the opinion that Walls suffered from perifibrosis, and that perifibrosis is a stiffness or lack of resiliency of the muscles and ligaments because of an injury which has been protected and allowed to heal without motion. The obvious inference is that Walls should have better pursued therapy following the termination of her treatment in Shelby, and the jury's award for future medical expenses covers the treatment which should have been pursued earlier. Under these circumstances, the lack of an award for other future damages could have followed from the instruction set out above. We hold that Walls has failed to show that the jury ignored the instructions.

We affirm.

<u>R. C. McDonough</u>
Justice

We Concur:

<u>J. A. Turnage</u>
Chief Justice

<u>John Conway Harrison</u>

<u>_____</u>

<u>L. C. Gulbrandson</u>,
Justices

8