No. 88-325

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

———————————————

NANCY A. FELLER,

        Plaintiff and Appellant,

  -vs-

JAKE FOX,

        Defendant and Respondent.

———————————————

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Joseph P. Hennessey; Hennessey Law Office, Billings,
Montana

    For Respondent:

        Lawrence R. Martin; Felt & Martin, Billings, Montana
James D. Walen; Keefer, Roybal, Hanson, Stacey & Walen,
Billings, Montana

———————————————

Submitted on Briefs:  March 2, 1989

Decided:  April 25, 1989

Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Nancy A. Feller (Feller) appeals the April 12, 1988 order of the District Court of the Thirteenth Judicial District, Yellowstone County, denying her motion for a new trial. Feller also appeals the court's denial of her motion in limine to exclude the testimony of Dr. Gary Ray. Having examined the record and the law we affirm the rulings of the District Court.

This case arose from an automobile accident which occurred on April 20, 1986, at an intersection in Billings, Montana. Feller, a passenger in her own 1977 Chevrolet Nova, sustained injuries when her vehicle was rear-ended by a vehicle driven by the respondent, Jake Fox (Fox). Feller was transported to a Billings hospital by ambulance, treated for trauma to her neck and back and then released. This trauma condition is more commonly known as whiplash. In the following days and months Feller consulted with her family physician in Bridger, Montana, several other doctors in the Billings area and a physical therapist. She complained of pain in the neck area and severe, disabling headaches.

One of the doctors Feller contacted was Dr. Gary Ray, an osteopathic physician. Feller made an appointment with Dr. Ray and was examined by him three days after the accident. Feller indicated on a patient information sheet that she had been referred by a Dr. Berg, who had an office in the same building. Based upon the examination, which lasted 15 to 30 minutes, Dr. Ray found Feller's symptoms were exaggerated. As she was already being treated by several other physicians, Dr. Ray declined to treat her and forwarded a copy of his findings to her regular physician.

In October of 1986, Feller filed suit against Fox seeking damages for her physical injuries and pain, mental anguish and emotional distress, and medical and non-medical expenses. The complaint also sought compensation for lost wages and for damages arising because of her potentially permanent inability to engage in her normal work or activities.

Prior to trial, Fox admitted liability and then filed an offer of judgment in the amount of $20,000. Feller, however, declined this offer of judgment and the case proceeded to trial before a jury on the issue of damages.

Feller filed a motion in limine prior to Fox's case-in-chief, seeking to exclude the testimony of Dr. Gary Ray. The District Court denied the motion and Dr. Ray's deposition testimony was read into the record. The jury returned a verdict in favor of Feller in the amount of $7,837.49. Feller filed a motion for a new trial pursuant to § 25-11-102(1),(2),(6),(7), MCA, alleging irregularity in the proceedings, misconduct of the jury, insufficiency of the evidence to justify the verdict, that the verdict was against law, and error in law occurring at trial. The court denied the motion for a new trial after finding that the motion was procedurally flawed for failure to include juror affidavits and further, that substantial credible evidence existed to sustain the jury's verdict. From this holding Feller appeals and presents the following issues for review:

(1) Did the District Court err in denying Feller's motion in limine to exclude the testimony of Dr. Ray?

(2) Did the District Court abuse its discretion in denying Feller's motion for a new trial?

(3) Did the District Court abuse its discretion in refusing to give Feller's offered jury instructions, numbers 4 and 8?

In Feller's first issue she claims the District Court incorrectly allowed the introduction of Dr. Ray's deposition testimony. Initially, we note that "questions of the admissibility of evidence are left largely to the sound discretion of the trial court . . . " Britton v. Farmer's Insurance Group (Mont. 1986), 721 P.2d 303, 315, 43 St.Rep. 641, 654; Cooper v. Rosston (Mont. 1988), 756 P.2d 1125, 45 St.Rep. 978; Cech v. State (1979), 184 Mont. 522, 604 P.2d 97. The district court's decision in such evidentiary matters will be subject to review only in cases of manifest abuse of that discretion. Britton, 721 P.2d at 315; Cooper, 756 P.2d at 1127.

The purpose of the motion in limine is to prevent the introduction of evidence which is irrelevant, immaterial or unfairly prejudicial. Wallin v. Kenyon Estate (1974), 164 Mont. 160, 165, 519 P.2d 1236, 1238. This Court thus has held that the authority to grant or deny a motion in limine "rests in the inherent power of the court to admit or exclude evidence and to take such precautions as are necessary to afford a fair trial for all parties." Wallin, 519 P.2d at 1238.

Feller claims the court abused its discretion in denying the motion in limine for the following reasons. Dr. Ray's testimony did not tend to prove or disprove any of the elements of this case. Dr. Ray was not Feller's attending physician. Dr. Ray was not hired by either the plaintiff or defendant as an independent expert. Dr. Ray's testimony would be highly prejudicial and would have no true value to the litigation. And, Dr. Ray only saw Feller for fifteen minutes on one occasion.

The trial in this case dealt with two central issues. As the defendant admitted liability, the jury was charged with determining the extent of Feller's injuries which

4

resulted from the accident and what compensation was reasonable and necessary to fully compensate her for the injuries sustained.

Dr. Ray's testimony was presented for the purpose of impeaching the credibility of Feller and Dr. Asbury, her treating physician. Specifically, Dr. Ray's testimony contradicts their testimony regarding the extent of Feller's injury three days after the accident. In Cooper, this Court examined a district court's exclusion of testimony relating to a witness's credibility. Cooper, 756 P.2d at 1127-1128. There we examined § 26-1-302, MCA, which provides that while a witness is presumed to speak the truth, that presumption may be overcome "by any matter that has a tendency to disprove the truthfulness of a witness's testimony;" including "evidence contradicting the witness's testimony." Section 26-1-302(9), MCA. We also found Rule 401, M.R.Evid., provides that:

> "[r]elevant evidence may include evidence bearing upon the credibility of a witness or declarant." Credibility evidence, though relevant, "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. . ." Rule 403, M.R.Evid.

Cooper, 756 P.2d at 1128. As the jury is the exclusive judge of a witness's credibility, § 26-1-302, MCA, the district court is obliged to admit evidence bearing on that credibility. Cooper, 756 P.2d at 1128.

Dr. Ray's testimony in this case goes directly to the credibility of witnesses for the appellant. As such, his testimony is relevant. Rule 401, M.R.Evid. Further, his testimony is probative of the issues before the court on the extent of Feller's injuries. We find that this testimony is not so unfairly prejudicial that it substantially outweighs

5

its probative value. Rule 403, M.R.Evid.; Cooper, 756 P.2d at 1128. The record shows Feller herself solicited the additional medical examination after the accident. Her own physician testified that his examinations were routinely completed in 10-15 minutes. The fact that the examination failed to support her position is insufficient to exclude this testimony. We find the District Court correctly allowed the introduction of Dr. Ray's deposition.

Feller's second contention is that the District Court abused its discretion in denying her motion for a new trial. Feller's primary complaint on this issue is based upon her contention that the jury returned an inadequate damage award. She maintains the award of $7,837.49 is contrary to all the evidence presented at trial.

Recently, this Court reviewed another district court's denial of a motion for a new trial. Tope v. Taylor (Mont. 1988), 768 P.2d 845, 45 St.Rep. 2242. There we reiterated that the decision to grant or deny a new trial is within the sound discretion of the trial court, and this Court will not overturn, absent a showing of manifest abuse of that discretion. Tope, 768 P.2d at 849-850, 45 St.Rep. at 2248, citing Walter v. Evans Products Co. (1983), 207 Mont. 26, 672 P.2d 613. "The lower court's discretion to grant a new trial for insufficiency of the evidence is exhausted when it finds substantial evidence to support the verdict." Tope, 768 P.2d at 850, 45 St.Rep. at 2248, citing Lindquist v. Moran (1983), 203 Mont. 268, 662 P.2d 281. We are also constrained to view the evidence in a light most favorable to the prevailing party at trial, when making our determination of whether the record supports the adequacy of an award. Walls v. Rue (Mont. 1988), 759 P.2d 169, 171, 45 St.Rep. 1451, 1455, citing Lauman v. Lee (Mont. 1981), 626 P.2d 830, 833, 41 St.Rep. 499, 502.

6

In the present case, the parties presented conflicting medical testimony on the extent of Feller's injuries. This conflict of the evidence was also present in the lay witness testimony. When faced with a similar conflict under similar facts, this Court stated:

> Apparently the jury concluded that in certain medical aspects, testimony submitted in behalf of the defendant was more believable than that of the plaintiff. That was the function of the jury. As we review this evidence submitted on behalf of the defendant, we conclude that it was clearly substantial. The evidence which supports the verdict was presented by a well-qualified medical doctor, who was adequately examined and cross-examined to establish the contentions on the part of the defendant with regard to the nature of the injury and the degree of disability. We conclude that there clearly was substantial credible evidence to support the verdict of the jury.

Brown by Brown v. Markve (1985), 216 Mont. 145, 148, 700 P.2d 602, 604.

As in Brown, we conclude substantial credible evidence exists to support the verdict of the jury. Dr. Ray gave an opinion as to the extent of Feller's injuries after examining her history, noting her symptoms and complaints, performing a 15-30 minute examination of her three days after the accident and viewing x-rays of her taken shortly after the accident. His opinion was that:

> Having gone over her x-rays and I see no abnormalities in the skull or cervical spine and I find no hard evidence of neurologic deficit. I do find evidence that the patient is exaggerating her symptomatology and that she is refusing to move her neck and is claiming far more than could be related to the rear-end motor vehicle accident.

. . .

> The fact that she is receiving medications from three physicians, none of whom know what is being done by the other ones, and I told her that I did not want to get involved in her medical care, and that she was evaluated only and no treatment was rendered. A copy of this is being sent to Dr. Asbury, whom the patient says is her primary treating physician.

Dr. Ray's testimony is supported by the video deposition testimony of Dr. Meyer that Feller was not suffering due to injuries which he would attribute to the accident, but rather to depression caused by the extended medication prescribed by Dr. Asbury. Dr. Meyer examined Feller approximately 18 months after the accident when Dr. Asbury referred Feller to him for a neurological examination. Additionally, Fox introduced the testimony of a private investigator who observed Feller at work on two separate occasions shortly before the trial. His testimony conflicted with that of Feller and others who testified on her abilities to complete certain physical tasks at work. Also, on cross-examination of Feller at trial, Fox's attorney brought the jury's attention to a number of discrepancies between Feller's trial testimony and previous deposition testimony.

Fox introduced sufficient credible evidence for the jury to conclude Feller's injuries were not as extensive as she herself claimed. We find no manifest abuse of discretion on the part of the District Court in denying Feller's motion for a new trial.

Feller's final contention is that the District Court erred in failing to give plaintiff's offered jury instructions, numbers 4 and 8. When examining whether or not certain jury instructions were properly given or refused, we

8

must consider the jury instructions in their entirety, and in connection with the other instructions given and the evidence introduced at trial. Brothers v. Town of Virginia City (1976), 171 Mont. 352, 359, 558 P.2d 464, 468. Where the instructions presented to the jury state the applicable law, "a party cannot claim reversible error as to the giving or denying of certain instructions." Id., citing Franck v. Hudson (1962), 140 Mont. 480, 373 P.2d 951.

Our review of the jury instructions leads us to conclude that the instructions adequately covered the law applicable to the case. Feller's proposed instruction number 4, that proof may be based on subjective symptoms, was adequately covered in the court's instructions numbers 3, 5, 11, 15, and 18. Further, the District Court correctly found the proposed instruction had no basis in Montana law ("i.e., sources for the instruction were from California cases with the most recent being 1963"). Feller's proposed instruction number 8 on loss of established course of life and expenses, was offered without citing to any authority. Additionally, number 8 was adequately covered by the court's instructions numbers 10, 12, 13, 14, 15 and 16.

We do not find reversible error from our review of the jury instructions. Finding that the testimony of Dr. Ray was properly admitted, that substantial credible evidence existed supporting the jury's verdict, and that the jury was adequately instructed on the applicable law, we affirm the District Court's denial of appellant's motion in limine and motion for a new trial.

Affirmed.

_____
Justice

9

We concur:

_____
Chief Justice

_____

_____

_____
Justices