No. 89-358

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

---

MARY JO GASS,

        Plaintiff and Appellant,

  -vs-

ALICE HILSON,

        Defendant and Respondent.

---

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Joel Roth, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Robert W. Gabriel; Gabriel Law Offices, Great Falls,
        Montana

    For Respondent:

        Keith Keller; Keller, Reynolds, Drake, Sternhagen &
        Johnson, Helena, Montana

---

Submitted on Briefs: Dec. 1, 1989

Decided: January 5. 1990

Clerk

Filed: '90 JAN 5 PM 2 00 FILED ED SMITH, CLERK MONTANA SUPREME COURT

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

Mary Jo Gass, plaintiff and appellant, appeals from the denial of her motion for a new trial entered by the District Court of the Eighth Judicial District, Cascade County, pursuant to Rule 59(d), M.R.Civ.P.  We affirm.

The issue raised on appeal is whether the District Court properly denied plaintiff's motion for a new trial based on plaintiff's contention that damages awarded were inadequate when viewed in the light of the evidence submitted.

On September 2, 1984, Mary Jo Gass, a 37-year-old buyer for a diversified agricultural business, was approaching a red light in a Great Falls intersection when her vehicle was hit from behind by Alice Hilson, defendant and respondent.  Hilson's vehicle was travelling at a speed of 20-25 miles per hour when impact occurred.  Gass's vehicle was forced through the intersection and struck a utility pole.

Shortly after the accident, Gass was taken to an emergency room of a local hospital where x-rays were taken of her neck and back.  She was diagnosed as suffering from multiple lacerations and contusions superficial in nature and from acute whiplash strain.  She was treated and released.  Gass was off work the next scheduled working day but returned to work the following day.

Gass was subsequently treated by an orthopedic surgeon, an

internist, a rheumatologist, a physiatrist and two chiropractors. She also received physiotherapy and medications. She complained, up to the time of trial, of neck and back injuries, bruises and swelling in her legs (edema) and the development of a lump in her left arm (a calcification). Gass asserts that her medical services, pharmacological supplies and lost wages totaled $11,790.64 to the date of trial.

Hilson was negligent and admitted legal liability for Gass's injuries proximately caused by the accident. On January 9, 1989, a jury trial commenced in which Gass sought to recover damages for personal injuries sustained in the September 2, 1984, accident. Evidence submitted included exhibits and the testimony of two chiropractors, five physicians and a clinical social worker, all of whom treated Gass in their perspective specialties. Gass also testified.

The evidence at trial revealed that Gass had suffered from medical and psychological problems unrelated to the accident. Gass had a twenty year history of back injuries. In the early 1960's, Gass injured her back riding a horse and saw a chiropractor for the resulting injuries. In July of 1979, she went through a course of physical therapy for the problem. In January of 1980, Gass fell down some stairs, resulting in back strain, and in June of the same year, she was hospitalized for chronic back pain for which she received physical therapy. Gass then went through another course of physical therapy following her hospitalization. From 1980 to

3

1982, she regularly saw chiropractors for her condition. In July of 1984, she took a fall and saw an orthopedic surgeon for treatment on elbow and knee injuries.

The accident in question occurred in September of 1984. Approximately two months later, Gass once again injured her back lifting a garage door for which she again visited a chiropractor.

Also, at the time of the accident, Gass was going through a divorce and was experiencing financial difficulties. In January of 1985, she went through psychological counselling where she was diagnosed as suffering from adjustment disorder with depression and anxiety.

One of Gass's physicians testified that, when he examined her subsequent to the accident, he found no signs to her neck or back to indicate injury and that the only abnormality he detected was swollen triceps. Another physician testified that the only abnormality he found was a small area of calcification in Gass's left arm. He also stated that the calcification did not impair motion. There was, however, testimony that the calcification could possibly be permanent.

The testimony of Gass's treating physicians conflicted as to whether the swelling in her legs (edema) was related to injuries sustained in the accident. It was uncontroverted that Gass had no medical history of edema but there was testimony by one of Gass's own physicians that it was possible that the edema was a previous condition.

4

Further, testimony was undisputed that Gass's sprain to the cervical and lumbar spine was indeed proximately caused by the accident. There was also testimony that the sprain probably aggravated Gass's pre-existing back injuries.

Gass testified that she spent up to $2 per day on medication and testified as to her condition and the pain she experienced. One of her physicians testified that her complaints of pain was consistent with injuries received and that the pain might be reduced by physical therapy and exercise.

On January 13, 1989, the jury awarded damages to Gass in the amount of $20,270. After judgment was entered on the verdict, Gass moved the District Court for a new trial based on her contention that, in light of evidence submitted, the damage award was inadequate. The District Court did not rule on the motion within 45 days and, consequently, under Rule 59(d), M.R.Civ.P., the motion was deemed denied. From the denial, Gass appeals.

Granting or refusing a motion for a new trial rests in the trial court's discretion. O'Brien v. Great Northern R.R. Co. (1966), 148 Mont. 429, 421 P.2d 710, cert. denied 387 U.S. 920, 87 S.Ct. 2034, 18 L.Ed.2d 974. Under Rule 61, M.R.Civ.P., the trial court must determine whether a refusal to grant the motion would appear inconsistent with substantial justice.

The trial court's discretion to grant a new trial for insufficiency of the evidence as provided for in § 25-11-102(6), MCA, is "exhausted when it finds substantial evidence to support

5

the verdict." Lindquist v. Moran (1983), 203 Mont. 268, 274, 662 P.2d 281, 285. This Court will not overturn the trial court's decision absent a showing of manifest abuse of discretion. Feller v. Fox (Mont. 1989), 772 P.2d 842, 46 St.Rep. 694. See also Tope v. Taylor (Mont. 1988), 768 P.2d 845, 45 St.Rep. 2242. In making our determination on sufficiency of the evidence, we are constrained to view the evidence in a light most favorable to the prevailing party. Feller, 772 P.2d at 845.

In the present case, the jury heard the testimony of several physicians, chiropractors, a physiotherapist, a clinical social worker, and Gass herself. Exhibits supporting the testimony were also presented to the jury. The evidence shows that while Gass did suffer from injuries sustained in the accident, she also had a history of pre-existing injuries and had suffered mental trauma from events in her personal life. The jury viewed the exhibits, heard and viewed the witnesses and entered its verdict accordingly. While the testimony concerning Gass's injuries may have been conflicting, the jury is free to adopt the testimony it finds more credible or to disregard all such testimony if it so chooses. Tompkins v. Northwestern Union Trust Co. (1982), 198 Mont. 170, 181, 645 P.2d 402, 408. As we stated in Lindquist, 662 P.2d at 285:

> Where conflicting evidence is present, it is an abuse of the trial court's discretion to grant a new trial.

See also Ferguson v. Town Pump, Inc. (1978), 177 Mont. 122, 128,

6

580 P.2d 915, 919, overruled on the other grounds, Bohrer v. Clark (1978), 180 Mont. 233, 590 P.2d 117.

Here, as in Lindquist, 662 P.2d at 285, we will not substitute our judgment for that of the jury's where the evidence is sufficient. We conclude that substantial evidence existed to support the jury verdict. The District Court did not abuse its discretion in denying Gass's motion for a new trial pursuant to Rule 59(d), M.R.Civ.P.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7