No.  90-370

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

DOUGLAS C. BROOKINGS,
     Appellant and Plaintiff,

-v-

DICK THOMPSON,
     Respondent and Defendant.
-------------------------------------

DONALD J. TIGART,
     Respondent and Plaintiff,

-v-

RICHARD J. THOMPSON,
     Respondent and Defendant.
-------------------------------------

RICHARD J. THOMPSON,
     Respondent and Third-Party Plaintiff,

-v-

DONALD J. TIGART,
     Respondent and Third-Party Defendant.

APPEAL FROM:   District Court of the Ninth Judicial District,
               In and for the County of Pondera,
               The Honorable R.D. McPhillips, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

     Philip J. O'Connell, Helena, Montana

     For Respondent:

     Patricia O'Brien Cotter, Great Falls, Montana; Lon
     T. Holden, Great Falls, Montana

FILED

MAY 7 - 1991

Filed: *El Smith*
   CLERK OF SUPREME COURT
     STATE OF MONTANA

Submitted on Briefs:  March 14, 1991

Decided:  May 7, 1991

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is the third appeal of a personal injury case arising out of a motor vehicle accident in Conrad, Montana, on January 4, 1985. The first trial resulted in a jury verdict on March 21, 1988, finding neither Thompson nor Tigart to be negligent. The District Court granted a new trial for irregularites in the proceedings. This Court upheld the District Court's order granting Brookings and Tigart a new trial. The case was then appealed a second time on the issue of attorney's fees. This Court upheld the District Court's award of attorney's fees.

On May 11, 1990, the jury returned its verdict on retrial, again finding neither Thompson nor Tigart to be negligent. Brookings moved for a new trial. The District Court denied Brookings' motion. Brookings appeals. We affirm.

The determinative issue is:

Did the District Court err in denying Brookings' motion for a new trial on the basis that the defendants, Tigart and Thompson, are negligent as a matter of law?

Plaintiff, Brookings, was a passenger in a pickup driven by Tigart. Tigart was rounding a corner in Conrad that was covered with black ice. Thompson, also driving a pickup, pulled out onto the highway in front of Tigart. Tigart's pickup went out of control and ended up in the ditch on its top.

There was substantial conflict in the evidence as to the cause of the accident. Tigart asserts that Thompson pulled out onto the highway without stopping or looking. Tigart was forced to hit his

brakes to avoid a collision. He began to slide towards a large sign. He overcorrected and the pickup ended up in the ditch on its top. Both Tigart's and Brookings' testimony contained inconsistencies as to where and at what distance Thompson's vehicle entered the highway. There was conflicting testimony as to whether Thompson stopped before entering the highway. Tigart testified that the Thompson vehicle had difficulty obtaining traction when it pulled out onto the highway. Officer Harris testified that there was no evidence of slipping or spinning tires at the intersection where Thompson pulled out.

Witnesses Randy Olson and Tim Miller testified at trial that at least 100 yards or the length of a city block separated the Thompson and Tigart vehicles when the Tigart vehicle began skidding out of control on the highway. Miller did not see how Thompson could have caused the Tigart vehicle to lose control because of the distance between the two vehicles. The estimates of Miller and Olson as to the distance between the Thompson and Tigart vehicles were confirmed by the measurements taken later by a paralegal.

Tigart asserts that Thompson's failure to stop and look before pulling onto the highway, forced Tigart to take evasive action, causing the accident. Brookings makes the same claim as to Thompson. Brookings also claims that Tigart was negligent for driving at a speed greater than was reasonable and proper under the icy conditions. The jury found neither Tigart nor Thompson to be negligent.

Brookings claims that he is entitled to a new trial under the

provisions of Rule 59(a), M.R.Civ.P., and under § 25-11-102(6), MCA. Rule 59 (a) states in pertinent part:

> **Grounds.** A new trial may be granted to all or any of the parties and on all or part of the issues for any of the reasons provided by the statutes of the state of Montana.
> . . .

Section 25-11-102(6), MCA, states:

> **Grounds for new trial.** The former verdict or other decision may be vacated and a new trial granted on the application of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:
> . . .
> (6) insufficiency of the evidence to justify the verdict or other decision or that it is against law;

The decision to grant a new trial is within the sound discretion of the trial judge and will not be overturned absent a showing of manifest abuse of discretion. Stanhope v. Lawrence (1990), 241 Mont. 468, 471, 787 P.2d 1226, 1228. This Court's function is to determine if there is substantial credible evidence in the record to support the jury's verdict. Walls v. Rue (1988), 233 Mont. 236, 238, 759 P.2d 169, 171. We must view the evidence in a light most favorable to the prevailing party below, and where the record presents conflicting evidence, resolved by the jury, this Court is precluded from disturbing the verdict. Id. This rule is particularly applicable when the District Court has passed on the sufficiency of the evidence on motion for new trial and has upheld its sufficiency. Id. When testimony at trial includes different accounts of an event, it would be an abuse of discretion for the trial court to grant a new trial solely because it chooses to believe testimony different than that believed by the jury. To

4

do so would create a bench supremacy and sap the vitality of jury verdicts. Nelson v. Hartman (1982), 199 Mont. 295, 300, 648 P.2d 1176, 1178-179.

The basis of Brookings' argument appears to be that this kind of accident cannot happen absent negligence. Brookings was hurt and somebody had to be at fault. Brookings produces no evidence to support this contention. Brookings cites Aemisegger v. Herman (1985), 215 Mont. 347, 697 P.2d 925, for the proposition that a defendant is negligent as a matter of law when he violates basic traffic rules, such as yielding the right-of-way or failing to take the conditions of the highway into consideration. Aemisegger does not stand for the proposition, as Brookings suggests, that because there is an accident, someone must be found negligent. The evidence in Aemisegger was clear that the defendant was at fault. In this case the evidence is conflicting and not at all clear that anyone was at fault.

We hold that the District Court did not err when it denied Brookings' motion for a new trial on the basis that the defendants were negligent as a matter of law. Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

5

Karla M. Gray

William E. Hunt

_____
Justices

6

Justice Terry N. Trieweiler dissenting:

I dissent from the opinion of the majority.

I agree that as a general rule the mere occurrence of an accident does not require a finding that negligence caused the accident. However, that general rule is not logically applicable to the facts in this case.

The plaintiff, Douglas Brookings, was an innocent passenger in a motor vehicle which went out of control, left the highway, and rolled over.

Donald Tigart, the driver of that motor vehicle, blamed his loss of control on Richard Thompson's unexpected entrance onto the highway from a side street or driveway, and Thompson's failure to yield the right-of-way to Tigart.

Thompson's defense was that Tigart was simply operating his vehicle too fast for the existing conditions, and therefore, was unable to control his vehicle when Thompson entered the highway, even though he should have been able to do so, based on their respective locations at the time.

No one alleges that the plaintiff contributed in any way to the cause of the accident. Neither did any witness or any party blame any person other than Tigart or Thompson for what occurred.

This accident could only have occurred because of one of the two previous explanations. Either Thompson failed to yield the right-of-way to Tigart, or Tigart was going too fast for the existing icy conditions.

If Thompson failed to yield the right-of-way to Tigart, then he violated § 61-8-341, MCA, which provides in relevant part that:

> The driver of a vehicle shall stop . . . at the entrance to a through highway and shall yield the right-of-way to other vehicles . . . which are approaching so closely on said through highway as to constitute an immediate hazard . . . .

If the accident occurred because Tigart was operating his vehicle on an icy road at a speed which left him unable to control the vehicle when necessary, then he violated § 61-8-303(1), MCA, which provides in relevant part that:

> A person operating or driving a vehicle of any character on a public highway of this state shall drive it in a careful and prudent manner, and at a reasonable rate of speed no greater than is reasonable and proper under the conditions existing at the point of operation, taking into account the . . . condition of surface, and freedom of obstruction to view ahead . . . .

The accident in which the plaintiff was injured could not logically have occurred unless one of the above statutes was violated. Violation of either statute was negligence per se. Aemisegger v. Herman (1985), 215 Mont. 347, 697 P.2d 925,

The evidence may have been conflicting. However, that did not absolve the jury of its obligation to resolve the evidence by deciding that one or both of the defendants was negligent.

I would remand this case to the District Court for retrial, based on instructions to the jury that its sole responsibility is to decide which of the defendants was at fault for the accident in which the plaintiff was injured.

_____
Justice

8