JUSTICE WEBER
delivered the Opinion of the Court.
This is the third appeal of a personal injury case arising out of a motor vehicle accident in Conrad, Montana, on January 4,1985. The first trial resulted in a jury verdict on March 21,1988, finding neither Thompson nor Tigart to be negligent. The District Court granted a new trial for irregularities in the proceedings. This Court upheld the District Court’s order granting Brookings and Tigart a new trial, 237 Mont. 468, 774 P.2d 401. The case was then appealed a second time on the issue of attorney’s fees. This Court upheld the District Court’s award of attorney’s fees.
On May 11, 1990, the jury returned its verdict on retrial, again finding neither Thompson nor Tigart to be negligent. Brookings moved for a new trial. The District Court denied Brookings’ motion. Brookings appeals. We affirm.
The determinative issue is:
Did the District Corut err in denying Brookings’ motion for a new trial on the basis that the defendants, Tigart and Thompson, are negligent as a matter of law?
Plaintiff, Brookings, was a passenger in a pickup driven by Tigart. Tigart was rounding a corner in Conrad that was covered with black ice. Thompson, also driving a pickup, pulled out onto the highway in front of Tigart. Tigart’s pickup went out of control and ended up in the ditch on its top.
There was substantial conflict in the evidence as to the cause of the accident. Tigart asserts that Thompson pulled out onto the highway without stopping or looking. Tigart was forced to hit his brakes to avoid a collision. He began to slide towards a large sign. He over-corrected and the pickup ended up in the ditch on its top. Both Tigart’s and Brookings’ testimony contained inconsistencies as to where and at what distance Thompson’s vehicle entered the highway. *251 There was conflicting testimony as to whether Thompson stopped before entering the highway. Tigart testified that the Thompson vehicle had difficulty obtaining traction when it pulled out onto the highway. Officer Harris testified that there was no evidence of slipping or spinning tires at the intersection where Thompson pulled out.
Witnesses Randy Olson and Tim Miller testified at trial that at least 100 yards or the length of a city block separated the Thompson and Tigart vehicles when the Tigart vehicle began skidding out of control on the highway. Miller did not see how Thompson could have caused the Tigart vehicle to lose control because of the distance between the two vehicles. The estimates of Miller and Olson as to the distance between the Thompson and Tigart vehicles were confirmed by the measurements taken later by a paralegal.
Tigart asserts that Thompson’s failure to stop and look before pulling onto the highway, forced Tigart to take evasive action, causing the accident. Brookings makes the same claim as to Thompson. Brookings also claims that Tigart was negligent for driving at a speed greater than was reasonable and proper under the icy conditions. The jury found neither Tigart nor Thompson to be negligent.
Brookings claims that he is entitled to a new trial under the provisions of Rule 59(a), M.R.Civ.B, and under § 25-11-102(6), MCA. Rule 59 (a) states in pertinent part:
“Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues for any of the reasons provided by the statutes of the state of Montana. ...”
Section 25-11-102(6), MCA, states:
“Grounds for new trial. The former verdict or other decision may be vacated and a new trial granted on the application of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:
“(6) insufficiency of the evidence to justify the verdict or other decision or that it is against law;”
The decision to grant a new trial is within the sound discretion of the trial judge and will not be overturned absent a showing of manifest abuse of discretion. Stanhope v. Lawrence (1990), 241 Mont. 468, 471, 787 P.2d 1226, 1228. This Court’s function is to determine if there is substantial credible evidence in the record to support the jury’s verdict. Walls v. Rue (1988), 233 Mont. 236, 238, 759 P.2d 169, 171. We must view the evidence in a light most favorable to the prevailing party below, and where the record presents conflicting *252 evidence, resolved by the jury, this Courtis precluded from disturbing the verdict. Id. This rule is particularly applicable when the District Court has passed on the sufficiency of the evidence on motion for new trial and has upheld its sufficiency. Id. When testimony at trial includes different accounts of an event, it would be an abuse of discretion for the trial court to grant a new trial solely because it chooses to believe testimony different than that believed by the jury. To do so would create a bench supremacy and sap the vitality of jury verdicts. Nelson v. Hartman (1982), 199 Mont. 295, 300, 648 P.2d 1176, 1178-1179.
The basis of Brookings’ argument appears to be that this kind of accident cannot happen absent negligence. Brookings was hurt and somebody had to be at fault. Brookings produces no evidence to support this contention. Brookings cites Aemisegger v. Herman (1985), 215 Mont. 347, 697 P.2d 925, for the proposition that a defendant is negligent as a matter of law when he violates basic traffic rules, such as yielding the right-of-way or failing to take the conditions of the highway into consideration. Aemisegger does not stand for the proposition, as Brookings suggests, that because there is an accident, someone must be found negligent. The evidence in Aemisegger was clear that the defendant was at fault. In this case the evidence is conflicting and not at all clear that anyone was at fault.
We hold that the District Court did not err when it denied Brookings’ motion for a new trial on the basis that the defendants were negligent as a matter of law. Affirmed.
CHIEF JUSTICE TURNAGE and JUSTICES GRAY and HUNT concur.