JUSTICE TRIEWEILER,
concurring:
I dissent from the opinion of the majority.
I agree that as a general rule the mere occurrence of an accident does not require a finding that negligence caused the accident. However, that general rule is not logically applicable to the facts in this case.
The plaintiff, Douglas Brookings, was an innocent passenger in a motor vehicle which went out of control, left the highway, and rolled over.
Donald Tigart, the driver of that motor vehicle, blamed his loss of control on Richard Thompson’s unexpected entrance onto the *253 highway from a side street or driveway, and Thompson’s failure to yield the right-of-way to Tigart.
Thompson’s defense was that Tigart was simply operating his vehicle too fast for the existing conditions, and therefore, was unable to control his vehicle when Thompson entered the highway, even though he should have been able to do so, based on their respective locations at the time.
No one alleges that the plaintiff contributed in any way to the cause of the accident. Neither did any witness or any party blame any person other than Tigart or Thompson for what occurred.
This accident could only have occurred because of one of the two previous explanations. Either Thompson failed to yield the right-of-way to Tigart, or Tigart was going too fast for the existing icy conditions.
If Thompson failed to yield the right-of-way to Tigart, then he violated § 61-8-341, MCA, which provides in relevant part that:
“The driver of a vehicle shall stop ... at the entrance to a through highway and shall yield the right-of-way to other vehicles ... which are approaching so closely on said through highway as to constitute an immediate hazard ...”
If the accident occurred because Tigart was operating his vehicle on an icy road at a speed which left him unable to control the vehicle when necessary, then he violated § 61-8-303(1), MCA, which provides in relevant part that:
“Aperson operating or driving a vehicle of any character on a public highway of this state shall drive it in a careful and prudent manner, and at a reasonable rate of speed no greater than is reasonable and proper under the conditions existing at the point of operation, taking into account the ... condition of surface, and freedom of obstruction to view ahead ...”
The accident in which the plaintiff was injured could not logically have occurred unless one of the above statutes was violated. Violation of either statute was negligence per se. Aemisegger v. Herman (1985), 215 Mont. 347, 697 P.2d 925,
The evidence may have been conflicting. However, that did not absolve the jury of its obligation to resolve the evidence by deciding that one or both of the defendants was negligent.
I would remand this case to the District Court for retrial, based on instructions to the jury that its sole responsibility is to decide which of the defendants was at fault for the accident in which the plaintiff was injured.