No. 83-369

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

GERALD MAYKUTH,

      Plaintiff and Respondent,

   -vs-

EDWARD EATON,

      Defendant and Appellant.

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Gordon Bennett, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        P. Keith Keller, Helena, Montana
        Keller, Reynolds, Drake, Sternhagen & Johnson

    For Respondent:

        Leaphart Law Firm; Helena, Montana

Submitted on Briefs: November 10, 1983

Decided: September 20, 1984

Filed: SEP 20 1984

*Ethel M. Harrison*

—————————————————————————
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Defendant, Edward Eaton, appeals an order of the Lewis and Clark County District Court granting a new trial to the plaintiff, Gerald Maykuth. In a personal injury action, the jury found defendant Eaton liable, and awarded $2,000.00 in damages to the plaintiff. Plaintiff moved for a new trial on the ground of inadequacy of damages and the trial court granted the motion. In dissecting the jury award, the trial court determined that the jury had awarded plaintiff no more than $700.00 for pain and suffering and held that this amount was inadequate to compensate the plaintiff for his pain and suffering during the year immediately following the injury. We vacate the order and direct that the jury verdict in the amount of $2,000.00 be reinstated.

The accident occurred on March 1, 1976, in Helena, when the defendant, who was driving his car east on Eleventh Avenue at 20 mph, rear ended the plaintiff's vehicle which was stopped for a stoplight at the intersection of Eleventh and Montana Avenues. The defendant's Capri was not damaged in the accident but Maykuth's Vega was damaged in the amount of $413.00. Both vehicles were driven away from the scene.

Maykuth sued Eaton and claimed severe personal injuries. He alleged a whiplash injury, involving neck pain, pain in the shoulder or upper back and associated headaches. He alleged a hearing loss associated with a ringing in the ears. He alleged that he had colitis, which was aggravated by Zomax, a pain medication he took for his whiplash symptoms. He also alleged numbness in his hands, diagnosed as carpal tunnel syndrome.

Defendant, on the other hand, contended that most of plaintiff's physical problems existed before the 1976 accident and that they were not aggravated by the accident. Defendant also contended that some of plaintiff's physical problems, such as intense headaches, were not the result of the accident, but instead were the result of severe emotional distress brought on by crushing financial losses and the breakup of his family. Substantial evidence supported all of the defendant's contentions.

In the order granting a new trial, the trial court recognized the existence of substantial evidence to disprove the plaintiff's claims of physical problems which he sought to relate to the 1976 accident. The court, however, in granting a new trial, focused on the year immediately following the accident as the period for which the jury did not assess adequate damages for pain and suffering.

After the March 1976 accident, plaintiff started physical therapy at Shodair Children's Hospital in April, and he continued this treatment until September 1976. He then sought chiropractic help and had treatments in November 1976, in March and April 1977, once in June 1977, and once in October 1977. He also had one visit to Dr. Burgess in 1977, but there is no indication of the purpose of the visit. The bill for all of these treatments came to $869.50.

In dissecting the $2,000.00 award, the trial court reasoned that the jury, in finding defendant at fault, was required to award $413.00 for property damage to plaintiff's car and that the jury had also awarded plaintiff his medical expenses incurred in the first year following the accident, which amount to $869.50. The court concluded that the remaining amount, approximately $700.00, was the amount the

jury had awarded to the plaintiff for his pain and suffering during the year, and that this amount was inadequate as a matter of law. The court stated:

> "Plaintiff testified he experienced pain and suffering as a result of the accident, which is amply supported by the evidence of plaintiff's frequent chiropractic and physical therapy treatments for about 1 year after the accident. Given this testimony, an award for pain and suffering was clearly in order. It would have been unjust for the jury to conclude there was pain and suffering in an amount equal to or less than $700.00 in light of the testimony."

Although the trial court did not spell out the testimony of plaintiff that required an award of damages more than $700.00 for pain and suffering, the court in effect concluded that the jury was compelled to believe plaintiff's testimony as to his claimed pain and suffering in the year following the accident. But this is not the law. The jury was not compelled to believe plaintiff's testimony. The jury viewed the evidence, heard and viewed the witnesses, and entered its verdict. To permit the undoing of this verdict by affirming the trial court decision granting a new trial, would, in the language of Nelson v. Hartman (1982), ___ Mont. ___, 648 P.2d 1176, 1179, 39 St.Rep. 1409, 1412, ". . . create a bench supremacy and sap the vitality of jury verdicts." While the trial court, or this Court sitting as a jury, or another jury, may have awarded plaintiff more for pain and suffering in the year following the accident, we cannot say as a matter of law that substantial evidence did not support the jury's award. And in concluding that $700.00 was inadequate, the trial court simply substituted its judgment for that of the jury. The award of $700.00 damages is not insufficient as a matter of law.

The order granting a new trial is vacated and the cause is remanded for entry of judgment based on the jury's verdict.

_Daniel J. Shea_
Justice

We Concur:

_Frank I. Haswell_
Chief Justice

_John Conway Harrison_

_L. C. Gulbrandson_

_Fred M. Morrison_
Justices

- 5 -