JUSTICE BARZ,
'dissenting:
I dissent.
A jury found that Art Vender was fifty percent negligent. On appeal we are limited to a determination of whether the verdict is supported by substantial credible evidence. A great deal of evidence indicated that while Vender entered the intersection with a green light, the light may have changed while Vender was stopped in the intersection waiting for four or five northbound cars to go by before he could attempt a left turn.
“The jury was not compelled to believe plaintiff’s testimony. The jury viewed the evidence, heard and viewed the witnesses, and entered its verdict. To permit the undoing of this verdict by affirming the trial court decision granting a new trial, would, in the language of Nelson v. Hartman (1982), [199 ] Mont. [295], 648 P.2d 1176, 1179, *437 39 St.Rep. 1409, 1412, ‘... create a bench supremacy and sap the vitality of jury verdicts.’ (Emphasis added.)”
Maykuth v. Eaton (1984), 212 Mont. 370, 372-73, 687 P.2d 726, 727.
The jury in the instant case obviously had trouble believing Vender’s testimony on liability and damages. The jury verdict should be affirmed.
JUSTICES WEBER and McDONOUGH join in the foregoing dissent.