NO. 94-561

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

ROY A. BAXTER,

      Plaintiff and Appellant,

  v.

ARCHIE COCHRANE MOTORS, INC.,
a Montana corporation,

      Defendant and Respondent.

**FILED**

MAY 23 1995

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Phillip R. Oliver, Oliver, Graves,
Toennis & Gustafson, Billings, Montana

      For Respondent:

          Rodney T. Hartman, Herndon, Hartman,
Sweeney & Halverson, Billings, Montana

Submitted on Briefs: March 30, 1995

Decided: May 23, 1995

Filed:

*[signature]*

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant Roy A. Baxter appeals from an order of the Thirteenth Judicial District Court, Yellowstone County, granting a new trial on the motion of respondent Archie Cochrane Motors, Inc., following a jury verdict and award in favor of appellant.

We reverse.

The dispositive issues on appeal are:

1. Did the District Court err in holding that a new trial was warranted on the cumulative affect of six errors, none of which individually warranted a new trial?

2. Did the District Court err in ordering sua sponte a new trial on its error on jury instructions when it did not allow appellant the opportunity for a hearing on the issue raised by the District Court?

In April 1992, respondent employed appellant as an automobile salesperson. On January 4, 1993, respondent terminated appellant's employment for "continued inability to correctly interact with team members and customers." On August 18, 1993, appellant filed a wrongful termination action against respondent. The jury returned a verdict in favor of appellant and awarded him $120,000 in damages. On July 12, 1994, respondent filed a motion for a new trial or a judgment notwithstanding the verdict. On August 15, 1994, the District Court issued its order granting respondent's motion for a new trial. It is from the District Court's order that appellant appeals.

ISSUE 1

Did the District Court err in holding that a new trial was warranted on the cumulative effect of six alleged errors, none of which individually warranted a new trial?

The decision to grant or deny a new trial is within the sound discretion of the trial judge and will not be disturbed absent a showing of manifest abuse of that discretion. Jim's Excavating Service, Inc. v. HKM Associates (1994), 265 Mont. 494, 511, 878 P.2d 248, 259.

A new trial may be granted for any of the reasons set forth in § 25-11-102, MCA, which materially affect the substantial rights of the aggrieved party. See Rule 59, M.R.Civ.P. Of the reasons set forth in § 25-11-102, MCA, respondent relied on the following:

> (1) irregularity in the proceedings of the court, jury, or adverse party or any order of the court or abuse of discretion by which either party was prevented from having a fair trial;
> . .
> (5) excessive damages appearing to have been given under the influence of passion or prejudice;
> (6) insufficiency of the evidence to justify the verdict or other decision or that it is against law;
> (7) error in law occurring at the trial and excepted to by the party making the application.

In its brief in support of its motion for a new trial, respondent alleged seven errors which, it argued, required the District Court to grant a new trial whether the errors were viewed individually or cumulatively. Specifically, respondent alleged that:

> 1. [Appellant's] counsel mistakenly informed the jury during his opening statement that the Montana

3

Constitution endowed [appellant] with a right to maintain employment;

2.	[Appellant's] counsel impermissibly argued his case in opening statement over [respondent's] objection despite being admonished not to by the court;

3.	[Appellant's] counsel constantly treated witnesses in a argumentative style throughout the trial necessitating [respondent's] counsel's repeated objections which were regularly sustained, but left the jury as a result thereof overly sympathetic and prejudiced in [appellant's] favor;

4.	[Appellant's] witness Carol Kuchera and [appellant's] counsel wept during the trial in full view of the jury in an effort to inflame jury passion, prejudice, and sympathy;

5.	[Appellant's] counsel elicited testimony from witness Deb Allen that Chuck Gallacher's bad language ceased or improved following the filing of this lawsuit which gave the jury the mistaken impression that [respondent] had thereby admitted liability in this case;

6.	Despite several discussions concerning irrelevant and prejudicial "other wrongful termination cases," and several successful objections to [appellant's] attempts to introduce evidence of such, [appellant's] counsel himself mentioned the Carol Kuchera case. That case has not been to trial. Carol Kuchera admitted under oath to resume fraud and job application fraud. The injection of her case into [appellant's] case was prejudicial to the highest degree outweighing any possible probative value to the jury; and

7.	There was absolutely no credible fact evidence or expert witness opinion evidence that supports the award to [appellant] by the jury of $120,000 in this case. The damage award is not supported by the evidence of the case.

The District Court concluded that while "items one through six of the things [respondent] complain[ed] of in his brief . . did occur . . [a]ny one or two of these irregularities probably d[id] not really justify a new trial. The District Court was unwilling to order a mistrial when the irregularities were addressed one by

4

one at trial, but concluded that the **cumulative effect** of the **irregularities** exceeds the bounds of a fair trial.

Appellant argues that the District Court abused its discretion by granting respondent's motion for a new trial because the errors either did not occur, were not errors, or even if they were errors, they were harmless and did not substantially affect respondent's right to a fair trial. In addition, appellant argues that the District Court erred by concluding that the cumulative effect of six harmless errors prejudiced respondent's right to a fair trial.

We agree with the District Court's conclusion that the first six errors did not justify a new **trial** when considered individually. We also agree with the District Court's refusal to conclude that the jury award in favor of appellant was error. However, we disagree with the District Court's application of the doctrine of cumulative error in a civil case. To date, this Court has applied the doctrine of cumulative error exclusively in criminal cases. We decline to extend it to civil cases based on the facts of this case.

We conclude that the District Court erred in holding that a new trial was warranted on the cumulative affect of six errors, none of which individually warranted a new trial.

### ISSUE 2

Did the District Court err in ordering sua sponte a new trial on its error on jury instructions when it did not allow appellant the opportunity for a hearing on the issue raised by the District Court?

5

We apply the same standard of review, manifest abuse of discretion, to Issue 2 that we applied to Issue 1.

In its order granting a new trial, the District Court concluded that "even though the parties did not complain or offer such an instruction, the Court should have more clearly instructed the jury concerning the elements necessary for plaintiff to prove in order to recover and/or the right defendant has in discharging employees for any job-related basis."

While a district court may grant a motion for a new trial for a reason not set forth in the motion, it may do so only after giving the parties notice and an opportunity to be heard on the matter. Rule 59(e), M.R.Civ.P. Neither party objected to the jury instructions given by the District Court, nor did respondent raise this issue in its motion for a new trial. The issue of inadequate jury instructions was raised sua sponte by the District Court. Neither party received notice of this matter, and consequently, neither party was given the opportunity to brief or argue the matter.

As a result, we conclude that the District Court erred in ordering a new trial on jury instructions without giving the parties notice and an opportunity to be heard.

We hold that the District Court's decision to grant a new trial was a manifest abuse of discretion.

We reverse.

_William E. Hunt Sr._
Justice

6

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices