No. 97-080

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

TRACI THOMPSON,

Plaintiff and Respondent,

v.

CITY OF BOZEMAN,

Defendant and Appellant.

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Larry W. Moran, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

William M. Brooke; Moore, O'Connell & Refling,
Bozeman, Montana

For Respondent:

Daniel P. Buckley; Berg, Lilly, Andriolo & Tollefsen,
Bozeman, Montana

Submitted on Briefs: June 12, 1997

Decided: September 15, 1997
Filed:

_____
Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

The City of Bozeman (City) appeals from the order of the Eighteenth Judicial District Court, Gallatin County, granting, in part, the motion for a new trial on the issue of damages filed by Traci Thompson (Thompson). We affirm.

The issue on appeal is whether the District Court erred in concluding that insufficient evidence supported the jury's zero damage award for pain and suffering and, on that basis, in granting Thompson's motion for a new trial on that issue.

## BACKGROUND

Thompson filed an action against the City alleging that she suffered damages as a result of an accident in which a City police officer in a police cruiser collided with the rear of her vehicle at an intersection in Bozeman, Montana. The City subsequently admitted that the conduct of its employee, the police officer, was negligent and that the negligence caused the accident at issue. The action proceeded to a jury trial on the issues of whether the accident caused Thompson injury and, if so, the amount of Thompson's damages. The jury returned a verdict in Thompson's favor on the causation issue and awarded her damages in the amount of $2,000 for medical and chiropractic expenses and $800 for lost wages. The jury awarded zero damages for pain and suffering, loss of ability to pursue occupation, loss of future wages, loss of ability to pursue established course of life, and future medical and chiropractic expenses.

Thompson timely moved for a new trial on the issue of damages, asserting that there was insufficient evidence to support the jury's zero damage awards. The District Court granted her motion for a new trial on the issue of damages for pain and suffering, concluding that the City did not present evidence controverting Thompson's evidence that she experienced pain and suffering from the injuries sustained in the accident. It denied her motion as to the other zero damage awards. The City appeals from the order granting a new trial on the issue of pain and suffering damages.

## STANDARD OF REVIEW

A district court may vacate a jury's verdict and grant a new trial when the evidence presented is insufficient to justify the verdict. Section 25-11-102(6), MCA. Conversely, where substantial evidence supports a verdict, the verdict generally cannot be overturned or vacated. Thayer v. Hicks (1990), 243 Mont. 138, 156, 793 P.2d 784, 795. The decision of a district court to grant or deny a motion for a new trial will not be reversed absent a manifest abuse of the court's discretion. Maurer v. Clausen Distributing Co. (1996), 275 Mont. 229, 234, 912 P.2d 195, 198 (citation omitted). If there is conflicting evidence on an issue, it is an abuse of the district court's discretion

to grant a new trial. Gass v. Hilson (1990), 240 Mont. 459, 462, 784 P.2d 931, 933 (citations omitted).

## DISCUSSION

Did the District Court err in concluding that insufficient evidence supported the jury's zero damage award for pain and suffering and, on that basis, in granting Thompson's motion for a new trial on that issue?

The City argues that the record contains conflicting evidence on the issue of Thompson's pain and suffering and, as a result, there is substantial evidence to support the jury's zero damage award. Thus, according to the City, the District Court abused its discretion in granting a new trial on the issue of pain and suffering damages. We address the City's arguments in turn.

a. Sufficiency of evidence to support jury's zero damage award for pain and suffering

It is undisputed that Thompson presented substantial evidence to support an award of damages for pain and suffering. Summarized briefly, that evidence included Thompson's testimony that, on the day after the accident, she began to feel pain in her back during the latter part of her housekeeping shift at the Super 8 Motel (Motel) and, by the end of her evening shift as a cashier at WalMart, she could hardly move. A few days later, she began treatment with Dr. Ronald Hecht, a chiropractor. Dr. Hecht treated Thompson for back and neck pain approximately 53 times in the four months following the accident. Thompson testified that her symptoms included numbness and tingling in her right arm, headaches at the base of her skull, and pain in her lower back and neck. The chiropractic treatments relieved her pain for several hours, but she needed a treatment each morning in order to be able to work a full shift at the Motel and she also needed to wear a lower back brace for a month following the accident. Thompson's job duties at the Motel were modified because the repeated bending and lifting required in cleaning rooms intensified the pain in her neck and lower back.

Dr. Hecht diagnosed Thompson as having loss of lordotic curve of the cervical spine, radiculitis (numbness and tingling in her arm) due to intervertebral disc syndrome in the neck, thoracic lumbar sprain/strain, and subluxation of vertebrae. His objective examination and diagnosis paralleled Thompson's subjective descriptions of her symptoms and, in his opinion, Thompson suffered a real injury in the accident which was painful and uncomfortable for her.

Lisa Jeffers (Jeffers), Thompson's supervisor at the Motel, testified that she

noticed visible signs of pain in Thompson following the vehicle accident when Thompson attempted to do any work involving bending or heavy lifting.  As a result, she modified Thompson's job duties to remove tasks which involved bending, twisting and lifting.  She testified that Thompson gradually resumed normal job duties over the course of several months.

The referenced testimony from Thompson, Dr. Hecht and Jeffers clearly would support an award for pain and suffering damages.  Indeed, although it is within the jury's province to weigh the evidence and determine credibility, a jury is not free to disregard uncontradicted, credible, nonopinion evidence.  Brockie v. Omo Construction (1994), 268 Mont. 519, 522, 887 P.2d 167, 169 (citing Putnam v. Pollei (1969), 153 Mont. 406, 413, 457 P.2d 776, 780).  The City contends, however, that testimony from three witnesses controverts Thompson's evidence regarding her pain and suffering, creates conflicting evidence on the issue and supports the jury's award of zero damages for pain and suffering.  We disagree.

First, the City asserts that the testimony of its expert witness, Dr. Mark Irion, directly controverts Dr. Hecht's testimony regarding Thompson's injury.  It is true that Dr. Irion's interpretation of Thompson's spine x-rays differed from Dr. Hecht's and that, in Dr. Irion's opinion, Thompson did not suffer an injury as a result of the accident.  However, Dr. Irion's testimony related to whether the accident was the cause of injury to Thompson.  In short, Dr. Irion was a causation witness who opined that the City's admitted negligence did not cause Thompson injury; he was not a damages witness.  Thus, Dr. Irion's testimony does not controvert, or conflict with, that of Thompson, Dr. Hecht and Jeffers on the issue of Thompson's pain and suffering.

The City also argues that the jury's zero damage award  for pain and suffering is supported by the testimony of Dr. Denman Lee, an accident reconstructionist, which indicated that the forces exerted on Thompson as a result of the very low speed impact of the vehicles were minimal.  Like Dr. Irion's testimony, Dr. Lee's testimony relates to whether the vehicle accident caused Thompson injury.  Because Dr. Lee's testimony did not relate to whether Thompson experienced pain and suffering after the accident, it does not controvert, or conflict with, the evidence presented by Thompson on that issue.

Next, the City asserts that Jeffers' testimony provides a basis for the jury's zero damage award for pain and suffering because she stated that Thompson did not exhibit pain when doing modified job duties and did not exhibit pain during the entirety of the

four months following the accident during which she continued to work at the Motel. Contrary to the City's assertion, however, Jeffers' testimony does not controvert Thompson's testimony that she experienced pain and suffering. As discussed above, Jeffers testified that she witnessed Thompson exhibit signs of pain when performing certain job tasks during at least the first month or two after the accident; indeed, she modified Thompson's job duties as a result of the pain Thompson was experiencing. Thus, while the Jeffers testimony on which the City relies is relevant to the extent of Thompson's pain and suffering, it does not controvert, or conflict with, Thompson's evidence regarding the existence of pain and suffering resulting from the vehicle accident.

The City also points out that, on cross-examination, Thompson testified that notwithstanding her claims of significant pain, she did not ask for prescription pain medication or seek medical attention other than from a chiropractor; to the extent she took medication, it was two aspirin on an irregular basis. This testimony, however, does not controvert the existence of Thompson's pain and suffering; it relates only to the extent of that pain and suffering.

Finally, the City argues that the jury's zero damage award for pain and suffering could have reflected a finding that any pain Thompson was still experiencing at the time of trial was attributable to a work-related injury she suffered four months after the accident and that evidence of the later injury supports the zero damage award for pain and suffering. The City's argument in this regard, however, does not account for or relate to the evidence presented of Thompson's pain and suffering during the four months between the vehicle accident and the work-related injury. The evidence of Thompson's work-related injury merely goes to the extent and allocation of her pain and suffering rather than to the existence of pain and suffering resulting from the vehicle accident.

We previously have addressed partial zero damage awards in light of uncontroverted evidence supporting the particular damage award at issue. In Brockie, the personal representative of an estate brought wrongful death and survivorship actions against a construction company. The jury made a substantial damage award in the wrongful death action, but awarded none of the damages for funeral and medical expenses and loss of future earning capacity requested in the survivorship action. Brockie, 887 P.2d at 168. The district court denied the plaintiff's motion for a partial new trial on survivorship damages and the plaintiff appealed. Brockie, 887 P.2d at 168-69. The record established that all of the plaintiff's evidence regarding survivorship damages was either stipulated to, or uncontradicted by, the defendant. Brockie, 887 P.2d at 170.

---

Under such circumstances, we held that the jury did not have the choice of whether to believe one party over the other and, as a result, the jury's verdict on survivorship damages was "impossible" because no substantial evidence supported the jury's failure to award survivorship damages. Brockie, 887 P.2d at 170 (citation omitted). Similarly, in a case where a jury found that the defendants committed wrongful acts which caused injury to the plaintiffs, but awarded no damages for pain and suffering, we held that it was the jury's duty to award pain and suffering damages when the evidence clearly established that the plaintiffs suffered painful injury and the defendants presented no evidence to the contrary. Gehnert v. Cullinan (1984), 211 Mont. 435, 439, 685 P.2d 352, 354.

Notwithstanding these cases, the City relies on Maykuth v. Eaton (1984), 212 Mont. 370, 687 P.2d 726, in arguing that the District Court in this case impermissibly substituted its judgment for the judgment of the jury on the issue of pain and suffering damages. We disagree.

In Maykuth, the plaintiff testified to severe injuries and substantial pain resulting from a vehicle accident. The defendant presented evidence that most of the plaintiff's injuries and associated pain had preexisted, and were not aggravated by, the accident and that some of his physical problems and associated pain resulted from factors other than the accident. Maykuth, 687 P.2d at 726. The district court concluded that a jury award of $700 for the plaintiff's pain and suffering was unjust and inadequate as a matter of law based on the plaintiff's testimony at trial. Maykuth, 687 P.2d at 727. We held on appeal that, in light of the conflicting evidence presented, the jury was not compelled to believe the plaintiff's testimony and, therefore, it was error for the district court to substitute its judgment for that of the jury regarding the adequacy or extent of pain and suffering damages. Maykuth, 687 P.2d at 727.

Maykuth illustrates the standard which applies to the issue of the adequacy of the amount of damages actually awarded by a jury as opposed to the Brockie standard which applies to whether the evidence supports an award of no damages at all. When a jury awards at least some damages based on its assessment of conflicting evidence and weighing of witness credibility, a court may not substitute its judgment as to the proper amount of damages for that of the jury simply because the jury chose to believe one party over another. Maykuth, 687 P.2d at 727; Barnes v. United Industry, Inc. (1996), 275 Mont. 25, 34, 909 P.2d 700, 705. However, where a jury fails to award any damages when the only evidence of record supports an award, that verdict is not supported by substantial evidence and may be set aside. Brockie, 887 P.2d at 170.

Here, Thompson presented evidence that the City's negligence caused her injury and the City presented conflicting evidence through its causation witnesses. The jury found in Thompson's favor on that issue. Thompson also presented substantial evidence that she experienced pain and suffering for at least several months as a result of being injured in the vehicle accident. The City did not controvert her evidence on pain and suffering. Because no substantial evidence supports the jury's failure to award damages for pain and suffering, the jury's verdict in this regard was "impossible." See Brockie, 887 P.2d at 170. We conclude that there was insufficient evidence to support the jury's award of zero damages for Thompson's pain and suffering.

b. District Court's grant of new trial on pain and suffering damages

When the evidence presented to a jury is insufficient to justify the jury's verdict, a district court may vacate the verdict and grant a new trial. Section 25-11-102(6), MCA. This Court will not overturn a district court's grant of a new trial absent a manifest abuse of discretion. Maurer, 912 P.2d at 198. We concluded above that the evidence of record in this case is insufficient to support the jury's award of zero damages for Thompson's pain and suffering. As a result, we also conclude that the District Court did not abuse its discretion in granting Thompson's motion for a new trial on the issue of damages for pain and suffering.

Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ W. WILLIAM LEAPHART

/S/ WILLIAM E. HUNT, SR.

/S/ JAMES C. NELSON

/S/ JIM REGNIER