JUSTICE COTTER
concurs.
¶19 I concur in the Court’s Opinion. I write separately to distinguish this case from two of our earlier decisions, Thompson v. City of Bozeman (1997), 284 Mont. 440, 945 P.2d 48, and Renville v. Taylor, 2000 MT 217, 301 Mont. 99, 7 P.3d 400. In each of these cases the defendant admitted fault for the accident at issue, but contested causation of any damages, as is the situation here. And in each of these cases, we concluded that the jury’s decision to award zero damages for *116 the pain and suffering of the plaintiff was contrary to the evidence. Thompson, 284 Mont. at 447, 945 P.2d at 52; Renville, ¶ 26. Relying on these cases, Moore argues that the uncontroverted evidence in this case established that he was injured to at least some degree by the assault, and it was therefore error for the jury to award him no damages.
¶20 While Beye admitted striking Moore, there was conflicting evidence as to whether the blow caused Moore any injury. The jury was not instructed that its job was to determine the extent of Moore’s damages; rather, it was asked in the special verdict form to first answer the question: “Was Plaintiff damaged as a result of the battery?” The jury found he was not, which was its province as instructed. No error arising from the manner in which the jury was instructed is asserted.
¶21 Moreover, there is a significant difference between Thompson and Renville, and the case now before us. In the former cases, although causation was hotly contested, the jury nonetheless awarded special damages to the plaintiff for her medical expenses incurred following the accident. Here, by contrast, the jury awarded Moore nothing, concluding he was not damaged by the battery. Opinion, ¶ 6. Thus, while it was inconsistent in Thompson and Renville for the jury to recognize that injuries requiring medical care occurred as a result of the accident, but award no damages for the pain stemming from those injuries, no such discrepancy exists here.
¶22 While I might disagree with the jury’s conclusion that no damage occurred as a result of the battery, this was the jury’s determination to make. I therefore concur.
JUSTICE NELSON joins in the concurrence of JUSTICE COTTER.