

DA 12-0724

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2013 MT 335

DOMINIC (DEE) CARESTIA,
and TERESA CARESTIA,

      Plaintiffs and Appellants,

  v.

JEFFREY E. ROBEY,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Eighth Judicial District,
                    In and For the County of Cascade, Cause No. DDV 08-268
                    Honorable Dirk M. Sandefur, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

                Calvin J. Stacey; Stacey & Funyak; Billings, Montana

        For Appellee:

                Paul N. Tranel; Bohyer, Erickson, Beaudette & Tranel; Missoula,
                Montana

                              Submitted on Briefs: October 2, 2013
                                      Decided: November 12, 2013

Filed:

                _____
                            Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1    Teresa Carestia (Teresa) appeals from the orders of the Eighth Judicial District Court, Cascade County, denying her motion for a new trial on the issue of damages and awarding costs on a bill of costs that was not properly verified.  We reverse in part and affirm in part.

## ISSUES

¶2    We restate the issues as follows:

1.    *Did the District Court err in denying Teresa's motion for a new trial?*

2.    *Did the District Court abuse its discretion in awarding costs on a bill of costs that was not properly verified?*

## BACKGROUND

¶3    In November 2007, Teresa and her husband, Dominic Dee Carestia (Dee), were involved in a motor vehicle accident in Fergus County, Montana.  The Carestias brought suit against Jeffrey Robey (Jeffrey), the driver of the other vehicle, claiming personal injury and property damages resulting from the accident.  On November 1, 2011, the case proceeded to jury trial.  On November 4, 2011, the jury returned a special verdict finding that Jeffrey's negligence was a cause of the accident.  The jury also determined Dee was contributorily negligent, and it apportioned fault between Dee and Jeffrey, with Dee 15% at fault and Jeffrey 85% at fault.  Teresa sought to recover medical expenses in the sum of $4,312.32, which was comprised primarily of massage therapy and chiropractic expenses.  The jury awarded her only $872 in medical expenses, and awarded nothing for

2

her past and future pain and suffering or loss of capacity to pursue her established course of life.

¶4 Five days after the filing of the jury verdict, on November 9, 2011, Jeffrey filed a bill of costs pursuant to M. R. Civ. P. 68(d). On November 10, 2011, the Carestias filed their own bill of costs. The "competing bills of costs then gave rise to [an] extraordinary flurry of briefing," a summary of which is unnecessary for our analysis. On September 18, 2012, the District Court entered an order allowing the Carestias to recover costs from Jeffrey and allowing Jeffrey to recover costs from the Carestias.

¶5 The Carestias filed a motion for a new trial. The District Court failed to rule on the motion, so it was deemed denied. M. R. Civ. P. 59(f). The Carestias filed this appeal in December 2012.[1] On appeal, Teresa requests that the decisions of the District Court be reversed pursuant to Rule 19 of the Montana Rules of Appellate Procedure, that the case be remanded for a new trial, and that she be awarded her costs on appeal. Teresa argues the evidence of her injuries, expenses, and ongoing discomfort was undisputed and the District Court should have granted her motion for a new trial. She further argues that the District Court abused its discretion by extending the time within which Jeffrey could submit a verified bill of costs when Jeffrey made no showing of excusable neglect as required under M. R. Civ. P. 6(b)(1)(B). She therefore requests that we strike the award of costs to Jeffrey.

---

[1] In March 2013, the parties participated in appellate mediation. Dee's claims were settled, but Teresa's were not.

¶6　Jeffrey counters that the jury's award of $872 in medical expenses was proper because that sum was the total for her expenses. He argues Teresa failed to establish that her massage and chiropractic treatments were reasonable or necessary and did not offer records of those treatments into evidence. Jeffrey further argues his award of costs should be affirmed because the District Court properly exercised its discretion in considering his bill of costs.

## STANDARD OF REVIEW

¶7　When the basis of a motion for a new trial is insufficiency of the evidence, we review the denial of the motion de novo and determine whether there was substantial evidence to support the verdict. *Styren Farms Inc. v. Roos*, 2011 MT 299, ¶ 11, 363 Mont. 41, 265 P.3d 1230 (internal citation omitted). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion; it may be less than a preponderance of the evidence, but must be more than a "mere scintilla." *Styren Farms*, ¶ 11 (internal citation omitted). We review a district court's award of costs to determine if the district court abused its discretion. *Mularoni v. Bing*, 2001 MT 215, ¶ 22, 306 Mont. 405, 34 P.3d 497 (internal citation omitted).

## DISCUSSION

¶8　*1.　Did the District Court err in denying Teresa's motion for a new trial?*

¶9　After the jury returned its verdict denying Teresa past and future pain and suffering damages, she sought a new trial pursuant to Rules 50 and 59(e) of the Montana Rules of Civil Procedure. The basis for the motion was that there was insufficient evidence to support the jury's verdict, and the verdict was contrary to the law. The

4

District Court did not rule on the motion, and it was deemed denied pursuant to M. R. Civ. P. 59(f). M. R. Civ. P. 59(a)(1)(A) provides a new trial may be granted "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in Montana state court."

¶10 Teresa contends Montana case law "requires the granting of a new trial so [she] can present her damage claims to a new jury in Great Falls." Teresa cites *Thompson v. City of Bozeman*, 284 Mont. 440, 945 P.2d 48 (1997), *Renville v. Taylor*, 2000 MT 217, 301 Mont. 99, 7 P.3d 400, and *Hoffman v. Austin*, 2006 MT 289, 334 Mont. 357, 147 P.3d 177 (overruled in part on other grounds), as examples of cases in which "the jury found that the defendant's negligence caused the plaintiff's injury and a new trial was granted due to the jury's failure to award uncontested damages . . . such as pain and suffering, mental and emotional distress and loss of established course of life activities among others." Teresa argues a new trial is similarly appropriate in this case because no witness at trial disputed that she had been injured, and Jeffrey conceded that she had been injured, telling the jury "it's up to you to what degree that injury should be compensated." She also argues that the award of medical expenses was inadequate.

¶11 Jeffrey counters that the record supports the jury's award for medical expenses because no records of her massage and chiropractic expenses were offered into evidence. Further, the two medical providers called by Teresa who had actually examined her had seen her only once and did not recommend massage therapy or chiropractic treatment for her injuries. Addressing her complaint that the jury was required to compensate Teresa for her pain and suffering, Jeffrey argues her failure to offer a proper jury instruction

consistent with her theory of the case and evidence precludes her from assigning error on this issue. According to Jeffrey, if Teresa "is correct that it was *mandatory* for the jury to award the requested damages, then she was required to offer jury instructions consistent with her position" instead of agreeing with the instruction that the award "should include reasonable compensation for any pain and suffering experienced" (emphasis in original). Jeffrey concedes that if we determine Teresa did not waive the issue of pain and suffering damages by failing to offer proper jury instructions, she is entitled to a new trial on the issue of her past pain and suffering damages.

¶12     As an initial matter, we conclude Teresa did not waive her argument with respect to past pain and suffering by failing to offer proper jury instructions. In similar cases, we have not required the plaintiff to offer jury instructions stating that awarding such damages is mandatory as a prerequisite to granting a motion for a new trial. *See e.g. Hoffman*; *Renville* (both cases were remanded on the issue of damages, even though the jury instructions stated ". . . your award should include reasonable compensation for . . . ."). Moreover, we note Teresa is not arguing that it was *mandatory* for the jury to award her damages. Rather, she is arguing that insufficient evidence supported the jury's zero damage award, and that it should have awarded her pain and suffering damages based on the evidence before it.

¶13     Teresa presented substantial evidence to support an award of damages for past pain and suffering. Summarized briefly, that evidence included Teresa's testimony that her right shoulder and neck started to hurt on the evening of the accident. Teresa testified that her pain got worse throughout the evening and that, on the following morning, her

neck was stiff, her shoulder hurt, and she had a new pain around her ribs. She went to the urgent care facility in Billings, and the physician's assistant who saw her testified that Teresa had slight tenderness in her neck, lower back, shoulder, and right arm. The radiologist who had interpreted Teresa's x-rays testified that he found a minimally displaced fracture of her right sixth rib. On June 25, 2008, Teresa saw another physician's assistant who testified Teresa voiced discomfort, he found an area that was tender to palpation, and he had no reason to question Teresa's veracity. Teresa visited the chiropractor 38 times in 2008. She testified at trial that she was still having problems with her rib, four years after the accident, and that the pain limited her participation in certain activities.

¶14 There was no evidence that Teresa had any pre-existing injuries. Teresa and Dee testified that she had no prior injury, and Jeffrey did not impeach this evidence. In *Murray v. Whitcraft*, 2012 MT 298, ¶ 13, 367 Mont. 364, 291 P.3d 587, the defendant presented evidence and cross-examined the plaintiff's witnesses to suggest that the collision had caused little, if any, impact to the plaintiff's shoulder, and that he had re-injured the shoulder on a later occasion while bow hunting. In this case, Jeffrey suggested that Teresa may have re-injured herself while engaged in physical activities unrelated to the accident, but he did not provide any evidence to support this assertion. While Jeffrey may have questioned the extent of Teresa's pain and suffering, he did not controvert the evidence that she had pain and suffering as a result of the accident.

¶15 We distinguished *Murray* from the line of cases Teresa has cited (*Hoffman*, *Thompson*, and *Renville*) because Murray offered only a general verdict form. Therefore,

7

we could not "determine the degree to which the jury found [the defendant's] negligence caused Murray's injuries and the precise nature of the damages the jury awarded to Murray." *Murray*, ¶ 22. Here, unlike in *Murray*, we are able to ascertain that the jury awarded zero damages for pain and suffering because the verdict form itemized the categories of damages.

¶16 "We have previously held that, although it is within the jury's province to weigh the evidence and determine credibility, a jury is not free to disregard uncontradicted, credible, nonopinion evidence." *Renville*, ¶ 26 (citing *Thompson*, 284 Mont. at 443, 945 P.2d at 50). We conclude that Teresa was entitled to some award of damages for her past pain and suffering proven in this case.

¶17 We reject Teresa's request that we remand for a new trial on her past and future medical expenses, her future pain and suffering, and her loss of established course of life. As indicated, Teresa did not offer her medical bills into evidence nor did she offer any testimony that the massage and chiropractic treatments she underwent were medically necessary. Further, there was no evidence that Teresa was likely to incur future medical expenses. In fact, in light of the Carestias' failure to supplement discovery responses, counsel for the Carestias advised the court that they would seek damages only for the year 2008. There is therefore no basis for a remand on these issues.

¶18 Accordingly, we conclude that a portion of the jury's damage award was not supported by substantial credible evidence. For that reason, we set aside the portion of the jury's verdict that awarded no damages for past pain and suffering and remand to the District Court for a new trial limited to the sole issue of Teresa's past pain and suffering.

We note that Jeffrey has not appealed the jury's finding that Teresa was injured as a result of the parties' collision. Therefore, upon retrial that fact need not be re-established. The remainder of the verdict is affirmed.

¶19 *2. Did the District Court abuse its discretion in awarding costs on a bill of costs that was not properly verified?*

¶20 On September 18, 2012, the District Court entered its ordering awarding both parties their costs. The Carestias argue that Jeffrey's bill of costs did not meet the requirements of § 25-10-501, MCA, because it was not verified, and that the District Court abused its discretion in allowing Jeffrey to cure this defect by affidavit. The District Court relied on M. R. Civ. P. 6(b)(1)(B) for the authority to extend the time for good cause. The District Court determined good cause existed because Jeffrey filed a curative affidavit in a reasonably prompt manner upon notice of the defect. Moreover, briefing on the parties' costs was still at an early stage, and an extension would not prejudice the Carestias. We conclude the District Court did not abuse its discretion when it denied the Carestias' objection to Jeffrey's bill of costs.

¶21 Finally, we decline Teresa's request that we award her costs on appeal as the prevailing party, pursuant to M. R. App. P. 19(3)(a). While Teresa prevailed on one claim, she did not prevail on others. The foregoing rule provides that in the event of a dispute over which party has prevailed, that dispute, as well as the matter of costs, shall be resolved by the district court.

## CONCLUSION

¶22    For the foregoing reasons, we reverse in part and affirm in part.  We remand this case for a trial on the sole issue of damages for past pain and suffering.


                                    /S/ PATRICIA COTTER


We concur:


/S/ BRIAN MORRIS
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE